United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50125
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON RAY MARMINO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-79-4
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jason Ray Marmino appeals his conviction by a jury of

conspiracy to manufacture methamphetamine in violation of

21 U.S.C. §§ 841(a)(1) and 846.  He argues that there was

insufficient evidence to convict him and that the district court

abused its discretion in admitting evidence of his prior wrongful

acts under FED. R. EVID. 404(b) because such evidence related only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to his character and that its prejudicial effect substantially outweighed its probative value under FED. R. EVID. 403.

Marmino has not shown that the testimony regarding his prior involvement with activities related to the manufacture of methamphetamine was not probative on the issue of his intent to join the conspiracy or that the admission of this testimony was improperly prejudicial under Rule 403. See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Therefore, the district court did not abuse its discretion in admitting the evidence of Marmino's prior wrongful acts. See United States v. Roberts, 619 F.2d 379, 383-84 (5th Cir. 1980)

The jury reasonably could infer from the evidence of Marmino's presence in the motel room, his actions during the weekend in question, his prior drug-related activities, and his prior associations with some of the co-conspirators that he knowingly and intentionally participated in the conspiracy to manufacture methamphetamine. See United States v. Broussard, 80 F.3d 1030-32 (5th Cir. 1996). Thus, viewing the evidence and all inferences drawn from the evidence in the light most favorable to the verdict, the jury could find beyond a reasonable doubt that Marmino committed the charged offense. See id.

Accordingly, Marmino's conviction is AFFIRMED.